**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| DERRICK L. NICHOLSON,<br><br>Petitioner,<br><br>v.<br><br>CHAIRPERSON,<br><br>Respondent. | CIVIL ACTION NO.: 4:26-cv-186 |

# O R D E R

Before the Court is the Magistrate Judge's July 16, 2026, Report and Recommendation, (doc. 2), to which Petitioner has objected, (doc. 3). After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendations for the reasons explained below. Petitioner's Objection is, therefore, **OVERRULED**, (id.), and the Report and Recommendation is **ADOPTED**, (doc. 2). Nicholson's Petition is **DISMISSED**. (Doc. 1.) Petitioner has also submitted a document titled "Supplement to Petition." (Doc. 4.) That document purports to "consolidate the constitutional grounds already raised and to add newly discovered facts concerning the dismissal of [his] direct appeal . . . ." (Id. at p. 1.) Since it does not allege that any of the grounds asserted, either originally or as supplemented, have been presented to any state court, it does not alter the Court's determination that the Petition must be dismissed as unexhausted.

As the Magistrate Judge noted, there are questions about the propriety of *pro se* Petitioner Derrick L. Nicholson's Petition, pursuant to 28 U.S.C. § 2254. (Doc. 2, p. 2.) However, the Court will also assume, without deciding, that Nicholson has sufficiently pleaded that his liberty is restrained to support such a Petition. (See id.) The Magistrate Judge explained that, because

Nicholson does not contend that he has exhausted his state remedies and the Petition's allegations make clear that those remedies remain "available" within the meaning of § 2254(b), the Petition must be dismissed as unexhausted. (Id. at pp. 4–7.) Nicholson's objection does not dispute the Magistrate Judge's explanation of the applicable law or interpretation of the Petition's factual allegations. (See generally doc. 3.) Instead, he disputes the Magistrate Judge's conclusion that the pending state proceeding was not "unavailable" within the meaning of the statute. (Id. at pp. 1–2.) He is clearly incorrect.

Plaintiff begins his objection by asserting his "diligence" in pursuing his state collateral challenge. (Doc. 3, p. 2.) That assertion is simply irrelevant. He next argues that the state process is "unavailable" because he has filed multiple motions which had not been ruled on when he filed the Petition. (Id.) However, as the Report and Recommendation noted, the Petition alleges that the delay at issue was, at most, eight months when the Petition was filed and the state court was clearly active. (Doc. 2, pp. 5–6.) Nicholson contends, without citation to any relevant authority, that his objection to the sufficiency of the state process "is not simply the number of months [that process has been pending] in isolation, but whether petitioner has had a real and functional avenue to secure a ruling on constitutional claims after repeated efforts to do so." (Doc. 3, p. 2.) As the Magistrate Judge explained, exhaustion is excused only if a state remedy is genuinely not "available." (Doc. 2, pp. 5–6 (citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981)).) A petitioner cannot render a state system unavailable simply by persistence and impatience. For the same reason, the Court rejects his objection to the Magistrate Judge's conclusion that a stay, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), is not warranted. (Doc. 3, p. 3; see also doc. 2, p. 4 n.1.) "The exhaustion requirement springs from principles of comity, which protect the state court's role in the enforcement of federal law and prevent disruption of state court

proceedings." Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010). Neither Petitioner's litigation strategy in the state court nor his expectations of its schedule alter those fundamental institutional interests. His Objection to the Report and Recommendation is, therefore, **OVERRULED**. (Doc. 3.)

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, No. 4:03-cr-1, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 21st day of August, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA